✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__KENNETH EDWARD GREENE__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   1:09 mj 22

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐ a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
Date

*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 mj 22

UNITED STATES OF AMERICA,

Vs.                                               ADDENDUM TO
                                                   DETENTION ORDER

KENNETH EDWARD GREENE.

_____

**I.    FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

    **II**.                                                     **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve threats of the commission of crimes of violence and involve a firearm, that being a submachine gun.

**(g)(2):** The weight of the evidence against the person appears to be strong, significant and compelling. The defendant had in his possession a submachine gun which was not registered to the defendant.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, long standing employment, financial resources and a long length of residence in the Henderson County community. The defendant's history relating to drug or alcohol abuse shows that he has substance abuse issues regarding both drugs and alcohol. The defendant is in poor physical condition in that he has high blood pressure, acid reflux, poor eyesight and has had operations for a hernia. Based upon the evidence presented in the Pretrial Services Report, the defendant may also have mental health issues that need to be addressed. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant was convicted in May of 1986 in Buncombe County for driving while impaired.

In regard to any additional criminal record of the defendant, the defendant was convicted of reckless driving in 1972 and 1975. The defendant was convicted in United States District Court in Asheville, NC for theft of mail on April 5, 1977. The defendant does not have any further significant criminal record.

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The affidavit attached to the criminal complaint shows that the defendant has committed acts of violence against his spouse and he has threatened to kill his son-in-law and has told his daughter-in-law if she called law enforcement that the defendant would have his machine gun waiting and would

shoot the law enforcement officers. The defendant further suffers with problems of abuse of alcohol and drugs. These factors show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community and as a result, the undersigned has determined to enter an order detaining the defendant.

The defendant will be allowed to file a motion to ask the court to reconsider this order based upon a change of circumstances should the defendant be able to find an appropriate treatment facility where the defendant can be under constant 24-hour electronic monitoring.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 20, 2009

Dennis L. Howell
United States Magistrate Judge